# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND OBIAJULU, | |
| Plaintiff, | Case No. 2:07-cv-1287-KJD-LRL |
| v. | **ORDER** |
| RITE AID HDQTRS. CORP., <u>et al.</u>, | |
| Defendant. | |

Presently before the Court is Plaintiff's Objection to Defendant's Bill of Costs (#106) and his Motion to Stay Costs Pending Outcome of Appeal (#107). Defendant Rite Aid Corporation did not file an opposition.

**I. Facts and Procedural History**

On October 21, 2009, the Court entered an Order granting Defendant's Motion for Summary Judgment (#103). The Defendant submitted its Bill of Costs on October 27, 2009 (#105). Plaintiff timely filed an Objection on November 9, 2009 (#106). On November 20, 2009, Plaintiff submitted a Notice of Appeal (#108). In the present Motion, Plaintiff seeks to stay the costs until the outcome of his appeal is known.

The Court has reviewed Plaintiff's Objection to Plaintiff's Bill of Costs and his Motion to

1

Stay Costs Pending Outcome of Appeal.  For the reasons given below, the Court grants Plaintiff's Motion to Stay Costs Pending Outcome of Appeal and denies Plaintiff's Objection to the Bill of Costs.

**II.  Discussion**

Because Defendant made no objection to Plaintiff's Motion to Stay Costs Pending Appeal, the Court grants Plaintiff's Motion.  Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  Defendant Rite Aid's failure to file an opposition constitutes a consent to the granting of Plaintiff's Motion.  Accordingly, Plaintiff's Motion for Stay is granted.

However, the Court rejects Plaintiff's objection to Defendant's Bill of Costs.  The Court finds that Defendant's costs for copies were reasonable, especially given the large volume of paperwork generated by this litigation.  Defendant satisfied the verification requirements of 28 U.S.C. § 1924 when its counsel signed the declaration accompanying its Bill of Costs.  Though Local Rule 54-1 provides that documentation is not always required, Defendant submitted documentation of the costs incurred on copies.  Defendants declared under penalty of perjury that these copies were made for this litigation.  Because the costs are reasonable, the Court denies Plaintiff's objections to Defendant's copy costs.

Furthermore, the Court rejects Plaintiff's objections to Plaintiff's Bill of Costs regarding reimbursements for depositions.  Local Rule 54-4 provides that court reporting expenses, and costs either for an original or copy of a transcript, are taxable.  The Court also notes that Defendants submitted documentation of these costs, which is not always required.  The rates charged by the court reporter are reasonable in comparison with rates customarily charged in the area.  Accordingly, the Court finds that the costs billed for court reporting services is reasonable.

The Court rejects Plaintiff's additional contentions regarding deposition copies.  These court reporting invoices are not merely for copies; they seek payment for the professional services

rendered. The invoice total includes the cost for a copy of the deposition transcript, since that service is not separately itemized. It does not appear that the court reporter charged extra for the certified copy in its December 29, 2008 invoice, since it is not separately itemized. Accordingly, the Court rejects Plaintiff's objection to these costs.

Plaintiff avers that Local Rule 54-3 prevents recovery for deposition costs. However, this rule is inapplicable because it governs reimbursement for transcripts of court proceedings. Depositions are not court proceedings. Accordingly, the Court rejects Plaintiff's objections to these costs.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Obiajulu's Motion to Stay Bill of Costs Pending Appeal (#107) is **GRANTED** to the extent that payment of costs is stayed pending appeal.

**IT IS FURTHER ORDERED** that Plaintiff Obiajulu's Objection to Bill of Costs (#106) is **DENIED**.

DATED this 9th day of August 2010

_____
Kent J. Dawson
United States District Judge

3